OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the defendants for an order granting them summary judgment dismissing the complaint herein and declaring that the plaintiff be declared a lobbyist pursuant to the Regulation of Lobbying Act (L 1977, ch 937).
The plaintiff opposes the motion and makes a cross motion for an order granting it summary judgment for the relief demanded in its complaint.
The underlying complaint on which the motion and cross motion are predicated is for a declaratory judgment that plaintiff is not subject to the jurisdiction of the New York Temporary State Commission on Regulation of Lobbying and that it is not, therefore, subject to the provisions of the Regulation of Lobbying Act (Farber Law).
The plaintiff, Police Conference of New York, Inc. (hereinafter referred to as PCNY), is a union of police officers operating in the form of a not-for-profit corporation. It is devoted to the welfare of police officers who are members of associations affiliated with it throughout the State of New *218 York. As part of its objectives as such an organization, it proposes, supports and promotes favorable legislation and opposes legislation detrimental to the interests of the police officers.
The plaintiff alleges, however, that it is not a lobbyist as defined in the Regulation of Lobbying Act and that it is not an organization retained or employed by any person or firm or corporation on whose behalf the plaintiff, pursuant to such retainer or employment, attempted to influence the passage or defeat of legislation and that its lobbying was done strictly on behalf of itself as a police organization of which its members were police units and that no moneys were received from any outside organization to lobby or influence the passage of legislation.
The plaintiff’s brochure which is annexed to the moving papers illustrates that plaintiff’s activities clearly constitute “lobbying” as defined in the statute. The brochure states in pertinent part as follows: “We have one of the most effective lobbying efforts in Albany. Our office is close to the Capitol, and we are constantly engaged in carrying out the wishes of our membership in regard to our legislative program.”
The constitution and by-laws of the plaintiff also state that the purposes and objectives of the PCNY include proposing, supporting and promoting favorable legislation as well as opposing legislation detrimental to the interest of the police officer and contrary to the good of the public.
Plaintiff’s contention that it is not retained or employed to lobby on behalf of the police associations and groups it represents is without merit as there is no requirement that the lobbyist be paid for engaging in lobbying activities.
The fact of formal membership payment of dues, and its objectives as stated aforesaid in its constitution and brochure to lobby in the best interests of its members, clearly establish in this court’s opinion that the plaintiff is a lobbyist within the jurisdiction of the Regulation of Lobbying Act and must be required to comply with its provisions.
The motion by the defendants for summary judgment is therefore granted, and the plaintiff’s cross motion granting it summary judgment is denied.